Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/21/2026 08:22 AM CDT

Sharon K. Beichle and Larry C. Beichle, Trustees of
the Sharon K. Beichle and the Larry C. Beichle
Trust, et al., appellees, v. Berneta L.
Rohrbough, individually,
et al., appellants.

___ N.W.3d ___

Filed July 21, 2026.    No. A-25-413.

1. **Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
3. **Actions: Jurisdiction.** The lack of subject matter jurisdiction can be raised at any time by any party or by the court sua sponte.
4. **Actions: Parties: Death.** A deceased person cannot maintain a right of action against another or defend a legal interest in an action or proceeding.
5. **Statutes: Abatement, Survival, and Revival: Appeal and Error.** Statutory provisions relative to abatement and revivor of actions apply to cases in the appellate courts.
6. **Actions: Parties: Death: Abatement, Survival, and Revival.** A deceased party's representative or successor in interest must either seek a conditional order of revival under chapter 25, article 14, of the Nebraska Revised Statutes or seek a court's substitution order under Neb. Rev. Stat. § 25-322 (Reissue 2016) before an action or proceeding can continue.
7. **Actions: Parties: Death: Abatement, Survival, and Revival: Jurisdiction.** It is fundamental that any order of revivor or substitution must be had in the court having jurisdiction at the time of the party's death.
8. **Parties: Words and Phrases.** Necessary parties are parties who have an interest in the controversy, and should ordinarily be joined unless their

interests are separable so that the court can, without injustice, proceed in their absence.

9. ____: ____. An indispensable party to a suit is one whose interest in the subject matter of the controversy is such that the controversy cannot be finally adjudicated without affecting the indispensable party's interest, or which is such that not to address the interest of the indispensable party would leave the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.

10. **Jurisdiction: Parties: Waiver.** The absence of an indispensable party to a controversy deprives the court of subject matter jurisdiction to determine the controversy and cannot be waived.

11. **Parties.** Whether a person is "indispensable," that is, whether a particular lawsuit must be dismissed in the absence of that person, can be determined only in the context of particular litigation.

12. ____. The decision whether the person missing in an action is "indispensable" must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests.

Appeal from the District Court for Seward County: James C. Stecker, Judge. Appeal dismissed.

Aaron F. Smeall, of Walentine O'Toole, L.L.P. for appellants.

Kenneth W. Hartman and Alexandra M. Speakar, of Baird Holm, L.L.P., for appellees.

Riedmann, Chief Judge, and Bishop and Freeman, Judges.

Riedmann, Chief Judge.
### INTRODUCTION
Berneta L. Rohrbough, individually; as the personal representative of the estate of John R. Rohrbough, the successor to defendant John R. Rohrbough, individually; and as the trustee of the John R. and Berneta L. Rohrbough Revocable Trust (collectively appellants) filed a notice of appeal from an order of the district court for Seward County granting judgment in favor of Sharon K. Beichle and Larry C. Beichle, as the trustees of the Sharon K. Beichle and the Larry C. Beichle Trust; Tami

Preston (Tami); and Lori Blair (Lori) (collectively appellees). For the reasons outlined below, we dismiss the appeal.

## BACKGROUND

*Promissory Notes and Kansas Lawsuit.*

Sharon, Tami, and Lori are John's sisters. Larry is Sharon's husband. Berneta is John's wife. In 2002, John and his son, Tydd Rohrbough, formed a limited liability company related to constructing and operating an ethanol plant. Appellees invested in the company. Eventually, John and Tydd signed promissory notes for amounts due to some of the appellees. John and Tydd failed to make payments on the notes when they came due on December 31, 2009, and they later failed to return some of Lori's money when requested. In 2014, appellees sued John and Tydd in a Kansas district court.

On August 29, 2018, the Kansas court entered judgment against John and Tydd and in favor of appellees. The amounts owed to each individual appellee varied, but the total judgment against John and Tydd was approximately $1.2 million. The Court of Appeals of Kansas affirmed the judgment in an unpublished opinion filed December 13, 2019.

*Registration of Foreign Judgment.*

Appellees filed an affidavit on October 1, 2018, and an amended affidavit on October 2, to register the foreign judgment with the district court for Seward County, Nebraska. On July 9, 2021, an execution was filed in the district court, and it was returned unsatisfied on August 9. On August 20, appellees filed suit, alleging that the judgment remained unsatisfied, alleging that John had an interest in certain real properties in Seward County, and requesting that the district court levy execution on those properties. In the years leading up to the filing of the complaint in this case, the property at issue was subject to several conveyances among John, Berneta, and a trust. We recount the information from trial that is necessary to resolve this appeal.

*Revocable Trust.*

In 2012, John and Berneta created the John R. and Berneta L. Rohrbough Revocable Trust (the Trust). John and Berneta were both settlors and trustees. Most of John's and Berneta's property was placed in the Trust. The Trust documents required that the removal of a settlor as trustee was to be by written instrument.

In 2013, the Trust was amended. Berneta's understanding was that the amendment meant that John was no longer a trustee and that his interest in the Trust's property was, from that point forward, irrevocable. Although the amendment made no mention of John's removal as trustee, it did provide that he had no right or power to alter, amend, or modify the trust agreement in any way. It does not appear that John and Berneta changed the name of the Trust to indicate that it was allegedly no longer revocable as to John.

*Real Property.*

John and Berneta purchased a tract of land in 1978 that was referred to as "Home Place," and shortly thereafter, they purchased additional land referred to as "Pasture Ground." In 2012, John and Berneta conveyed both Home Place and Pasture Ground to the Trust. The land remained in the Trust until 2015, but then went through several transfers, including:

• 2015: August 17, John and Berneta as trustees of the Trust convey Home Place and Pasture Ground to John and Berneta as joint tenants with rights of survivorship.
• 2017: March 10, John and Berneta convey Pasture Ground to Berneta as trustee of the Trust.
• 2018: August 20, Berneta as trustee of the Trust conveys Pasture Ground to herself.
• 2019: December 20, John conveys Home Place to Berneta via quitclaim deed.

*District Court Order.*

The district court found the judgment lien attached in October 2018. It found that John and Berneta had the intent

to hinder, delay, or defraud appellees as creditors and that four of the real estate transfers were fraudulent. The district court found that John owned a one-half interest in Home Place and that the property was subject to execution and sale. It found that John owned a one-half interest in Pasture Ground and that the property was subject to execution and sale. The district court issued its ruling on April 30, 2025.

*Appellate Proceedings.*

Appellants filed a notice of appeal on May 30, 2025. Although the caption of the notice identified Berneta and John individually and as trustees of the Trust, as appellants, the body of the notice of appeal stated it was being filed by Berneta, individually; Berneta, as personal representative of John's estate, the successor to John, individually; and Berneta as trustee of the Trust. Appellants did not file a motion for revivor or substitution of parties, and the notice of appeal provided no additional information regarding John's death.

After appellants filed their brief with this court, appellees moved to summarily dismiss this appeal. Appellees argued that because John had died before the notice of appeal was filed, and appellants had failed to revive the action or seek substitution, this court was without jurisdiction. Appellees argued that John was a necessary party to the appeal. Appellants resisted the motion. This court denied the motion for summary dismissal, which will be explained more fully below. Following our ruling, appellees filed their brief, which again raised the issue of jurisdiction and John's status as a necessary party, and appellants filed a reply brief.

## ASSIGNMENTS OF ERROR

Appellants assign that the district court erred in finding that (1) appellees' registration of their foreign judgment was effective to create a lien upon the property of the judgment debtor, (2) appellants' interest in the real property "was not placed effectively transferred [sic] to the irrevocable trust and not subject to transfer or attachment thereafter," and (3) the

badges of fraud were sufficient to establish a voidable transaction by clear and convincing evidence.

## STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law. *Kellogg v. Mathiesen*, 320 Neb. 223, 26 N.W.3d 651 (2025).

## ANALYSIS

[2,3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Id*. The lack of subject matter jurisdiction can be raised at any time by any party or by the court sua sponte. *Parish v. Parish*, 314 Neb. 370, 991 N.W.2d 1 (2023). Appellees argue that appellants were required to substitute or revive the action after John's death. They argue that John is a necessary party to this appeal and that because he is missing from this appeal due to the fact no revivor or substitution occurred, this court lacks jurisdiction.

In response, appellants contend that because this court denied appellees' motion for summary dismissal, the matter of this court's jurisdiction is settled. To the extent it is not, appellants argue that no revivor or substitution was required as there was no action pending when John died, because the district court order had been filed, and after John's death, his personal representative filed an appeal.

We denied appellees' motion for summary dismissal via docket entry, stating,

> Appellees' motion for summary dismissal is denied. Where there are several plaintiffs or defendants in an action and one of them dies, if the right of action survives to or against the remaining parties, the action may proceed. See Neb. Rev. Stat. § 25-1403 (Reissue 2016). When multiple parties appeal, the invalidity of one party's attempted appeal does not necessarily result in the dismissal of the entire appeal. See In re Conservatorship of Franke, 292 Neb. 912, 875 N.W.2d 408 (2016).

However, the denial of a motion for summary dismissal does not conclusively decide the issue raised. Both the Nebraska Supreme Court and this court have previously denied a motion seeking summary dismissal for lack of jurisdiction and later dismissed the matter in a full written opinion for the reasons raised in the previously denied motion. See, *State v. Penado*, 282 Neb. 495, 804 N.W.2d 160 (2011); *In re Guardianship of Aimee S.*, 24 Neb. App. 230, 885 N.W.2d 330 (2016).

Both appellees' brief and appellants' reply brief address the issue of jurisdiction. Additionally, it is our duty to address this court's jurisdiction before reaching the merits of an appeal. See *Kellogg, supra*. Based upon the full record before us, we determine that because no revivor or substitution was sought in the district court, John is not a party to this appeal. We also determine that based on the facts and circumstances presented in this case, John is an indispensable party to this appeal and that due to his absence, we lack subject matter jurisdiction. We first address John's status as a party to this appeal before analyzing whether the appeal can proceed without him.

*John's Appeal.*

In the body of appellants' notice of appeal, it purports to be brought by Berneta as personal representative of John's estate, despite the caption of the case. Although no suggestion of death has been filed with this court, both parties have stated in filings that John died on May 10, 2025. At that time, judgment had been entered in the district court, but no notice of appeal had been filed. In *Muller v. Weeder*, 313 Neb. 639, 646, 986 N.W.2d 38, 46 (2023), the Supreme Court noted that although this court had not been advised of the death of a party in a pending appeal, "the death nevertheless had an immediate impact on [this] court's jurisdiction." Likewise, John's death had an immediate impact on the district court's jurisdiction.

[4-6] A deceased person cannot maintain a right of action against another or defend a legal interest in an action or

proceeding. *In re Conservatorship of Franke*, 292 Neb. 912, 875 N.W.2d 408 (2016). Statutory provisions relative to abatement and revivor of actions apply to cases in the appellate courts. *Schumacher v. Johanns*, 272 Neb. 346, 722 N.W.2d 37 (2006). A deceased party's representative or successor in interest must either seek a conditional order of revival under chapter 25, article 14, of the Nebraska Revised Statutes or seek a court's substitution order under Neb. Rev. Stat. § 25-322 (Reissue 2016) before an action or proceeding can continue. See *In re Conservatorship of Franke, supra*.

We disagree with appellants' contention that no revivor or substitution was required because the district court had already entered its order, but no appeal had yet been filed. We see nothing in our statutes or case law that would support the theory that a person can, without notice to the court, substitute himself or herself in place of a party. To the contrary, in *Independent Lubricating Co. v. Good*, 133 Neb. 431, 432, 275 N.W. 668, 669 (1937), citing 4 C.J.S. *Appeal and Error* § 406 (1937), the Supreme Court noted that "[o]rdinarily, an appeal cannot be prosecuted in the name of a party who died before the appeal was had, although under permissive statutes the regular representative of such party may be substituted, and the appeal proceed."

[7] To maintain an action in John's name, Berneta was required to seek a conditional order of revival under chapter 25, article 14, of the Nebraska Revised Statutes or seek a court's substitution order under § 25-322 before the action or proceeding could continue. See *In re Conservatorship of Franke, supra*. This needed to occur in the district court, which was the court that had jurisdiction at the time of John's death because appellate jurisdiction had not yet been conferred. It is fundamental that any order of revivor or substitution must be had in the court having jurisdiction at the time of the party's death. *Muller, supra*. Berneta took no action in the district court to seek revivor or substitution. As such, she had

no authority to maintain the action in John's name on appeal. John is not a party to this appeal.

*Effect on Appeal.*

Having determined that John is not a party to this appeal, we must now decide what effect that has on the case before us. We find that John is an indispensable party to this appeal and that due to his absence, we lack subject matter jurisdiction.

John's death itself does not necessarily end the case. As we noted in our docket entry denying appellees' motion for summary dismissal, where there are several plaintiffs or defendants in an action and one dies, if the right of action survives to or against the remaining parties, the action may proceed. See Neb. Rev. Stat. § 25-1403 (Reissue 2016). Further, when multiple parties appeal, the invalidity of one party's attempted appeal does not necessarily result in dismissal of the entire appeal. See *In re Conservatorship of Franke, supra*.

Here, multiple parties are involved, and the judgment was against John's interest in property in which other parties may also have an interest. But although those actions may survive, John's absence as a party on appeal is fatal to our jurisdiction.

The Supreme Court has stated that all parties to a case in the district court that may be affected by a modification or reversal of the judgment on appeal must be parties to the appeal. See, *Madison County v. Crippen*, 143 Neb. 474, 10 N.W.2d 260 (1943) (all parties who may be affected by modification or reversal of judgment must be made parties to appeal); *In re Estate of Fines*, 139 Neb. 247, 297 N.W. 86 (1941) (noting line of decisions holding all parties who may be affected by modification or reversal of judgment must be made parties in appeal); *Reilly v. Merten*, 125 Neb. 558, 251 N.W. 114 (1933) (all parties to cause tried in district court who may be affected by modification or reversal of judgment must be made parties in proceeding to review cause in Supreme Court); *Barkley v. Schaaf*, 110 Neb. 223, 193 N.W. 267 (1923) (noting rule seems well established that all parties

to cause in district court who may be affected by modification or reversal of judgment must be made parties to proceedings to review cause).

As related to the trial courts, Neb. Rev. Stat. § 25-323 (Cum. Supp. 2024) states:

> The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court shall order them to be brought in.

[8] The Supreme Court has discussed the distinction between "necessary" parties and "indispensable" parties. Necessary parties are parties who have an interest in the controversy, and should ordinarily be joined unless their interests are separable so that the court can, without injustice, proceed in their absence. *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. 73, 894 N.W.2d 221 (2017).

[9] An indispensable party to a suit is one whose interest in the subject matter of the controversy is such that the controversy cannot be finally adjudicated without affecting the indispensable party's interest, or which is such that not to address the interest of the indispensable party would leave the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. *Id*.

[10-12] The absence of an indispensable party to a controversy deprives the court of subject matter jurisdiction to determine the controversy and cannot be waived. *Morse v. Olmer*, 29 Neb. App. 346, 954 N.W.2d 638 (2021). Whether a person is "indispensable," that is, whether a particular lawsuit must be dismissed in the absence of that person, can be determined only in the context of particular litigation. *Davis v. Moats*, 308 Neb. 757, 956 N.W.2d 682 (2021). The decision whether to dismiss (i.e., the decision whether the person missing is "indispensable") must be based on factors varying

with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests. *Id*.

The case law discussing the statutory requirement and the inclusion of necessary and indispensable parties, and the effect a party's absence can have on subject matter jurisdiction, focuses on the matter as it applies to trial courts. But just as the revivor statutes apply to cases in both the trial court and the appellate court, we see no reason that the analysis regarding necessary and indispensable parties would not also apply to an appellate court. When considering the line of cases cited above holding that all persons that may be affected by modification or reversal of judgment must be made parties in an appeal, alongside the case law regarding the requirement of indispensable parties, we determine that John's presence as a party to this appeal is indispensable and that due to his absence, we lack subject matter jurisdiction.

Here, it was John who incurred the debts at issue in the Kansas judgment. Berneta claimed that although she knew family members had invested, she had no knowledge of the promissory notes that were the subject of the Kansas case until the lawsuit. The Kansas court found John, jointly with Tydd, liable for the $1.2 million owed to appellees. Appellees sought to place a lien on John's property in Seward County. The challenges to John's interest in the property are affected by transfers made among John, Berneta, and the Trust. It is John's interest in the Trust property that was alleged to have been made irrevocable by the 2013 amendment. The relief the district court granted appellees was premised on John's continued ownership interests in the property at issue.

A decision on the merits of this appeal would affect John's interest in the real property at issue, as well as the status of the judgment lien against that property in Seward County. John's interests would be substantially affected by the outcome of the appeal in this case. Therefore, he is an indispensable party in this matter.

John's estate, through his personal representative, attempted to appeal, but failed to follow the statutory requirements. As such, John is not a party to this appeal, nor are his interests represented. Based on the unique facts of this case, we determine that John is an indispensable party to this appeal. The absence of an indispensable party deprives a court of subject matter jurisdiction. Consequently, we lack subject matter jurisdiction over this appeal, and it is dismissed.

## CONCLUSION

Because no motion for revivor or substitution of parties was filed in the district court following John's death, he is not a party to this appeal. John is an indispensable party to this appeal, and due to his absence, we lack subject matter jurisdiction and dismiss this appeal.

APPEAL DISMISSED.